## FRANK PALMER v. STATE.

No. A-5248. Opinion Filed April 16, 1926.
Rehearing Denied May 8, 1926.
(245 Pac. 662.)

Wilkinson & Hudson, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. This conviction rests largely upon the testimony of a negro, Walter Wesson, reciting the details of how the saddle in question was stolen by the defendant and afterwards transported from place to place and hidden by the defendant and the witness, and how it was finally recovered by the witness and returned to its owner.

A portion of the testimony indicates that Wesson was an accomplice with the defendant; other portions indicate that Wesson was not implicated in the original theft and asportation. Be that as it may, the testimony of Wesson was corroborated, here a little and there a little, by six different witnesses, strengthened by the physical facts shown and the testimony of the defendant himself. In this connection we reiterate the rule followed in Collins v. State, 28 Okla. Cr. 45, 228 P. 993, where it was said:

"Evidence corroborating an accomplice need not cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may, from that fact, infer that he speaks the truth as to all."

The other assignments of error are without merit or were not properly preserved for review, as pointed out by the Attorney General.

The judgment of the trial court is affirmed.